UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 06-31 (JR) |
| v. : | |
| : | |
| MAHNDEL A. GREEN, : | |
| : | |
| Defendant. : | |
| _____ : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S BOND REVIEW MOTION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to defendant's motion for bond review. In support of this pleading, the government states as follows:

**PROCEDURAL BACKGROUND**

The defendant is currently charged by indictment with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922 (g)(1). He made his initial appearance before Magistrate Judge Robinson on January 13, 2006. At that time, the government moved for his pretrial detention pursuant to 18 U.S.C. §3142 (f)(1)(D). On January 17, 2006, the Court held a detention hearing and held defendant without bond pending trial.

Counsel for the defendant has asked the Court to reconsider the issue of pretrial detention, claiming that defendant is neither a flight risk nor is he a danger to the community.

**ARGUMENT**

Defendant has failed to overcome the statutory presumption that he is a danger to the community. 18 U.S.C. §3142(e). Defendant has been indicted for a firearms offense the penalty for

1

which is up to ten years of imprisonment.    18 U.S.C. § 924 (a)(2).   The evidence against the defendant is substantial.  After stopping defendant's Ford Expedition SUV for having excessive tint on the windows, the officers approached defendant's car.  As the officer stood by the driver's window, which was partially rolled down, the officer smelled alcohol coming from the defendant, saw a small bottle of Remy Martin alcohol in the backseat, and a cup with brownish liquid sitting in the cupholder on the dashboard.  When the officer asked defendant to step out of the SUV, defendant responded by locking the door.  Ultimately, two officers had to physically remove defendant from the car.  While removing defendant, one officer lifted defendant's sweater, revealing the loaded gun in defendant's waistband.

   Defendant now comes before the Court seeking a change in his bond status on the grounds that he poses no risk of flight and is no danger to the community.  In making his new motion, defendant advances the very same arguments that he made at the time of the detention hearing.  Indeed, defendant again claims that because he is 34 years old, has two businesses, and has successfully completed all prior sentences, he should be released to the High Intensity Supervision Program.  But what defendant fails to note is the extent and the seriousness of the criminal history he has.  According to the Pretrial Services Agency report, defendant was convicted of robbery in South Carolina in 1992.  Further, he has a conviction for handgun in vehicle and controlled substance possession in 1995 in Maryland.  Finally, defendant has a conviction for Possession with Intent to Distribute Narcotics in Maryland in 2000.  Given the serious nature of the present charge, the statutory presumption, and defendant's criminal history, defendant should remain detained.

WHEREFORE, the government requests that the defendant's motion for bond review be denied and the defendant continue to be held without bond pending trial.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY

        _____
        Denise M. Clark
        Assistant United States Attorney
        Federal Major Crimes Section
        555 4th Street, N.W.  #4840
        Washington, DC 20001
        (202) 353-8213; Fax: 353-9414

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served by mail on the attorney for the defendant, Nikki Lotze, Esquire, 6801 Kenilworth Avenue, #202, Riverdale, MD, 20737, this 23rd day of February, 2006.

        _____
        Denise M. Clark
        Assistant United States Attorney