IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :   06- 31 (JR) |
| v. | : |
| | : |
| MAHNDEL A. GREEN | : |

<u>DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE</u>

Mahndel Green, the defendant, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b), and the Fourth Amendment to the United States Constitution, to suppress the use as evidence of the handgun and ammunition allegedly recovered from Mr. Green on January 11, 2006.

A hearing is requested on this motion. In support of this motion, counsel states:

1. Mr. Green is before the Court charged with possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year. The offense is alleged to have occurred on January 11, 2006.

2. Police reports provided to counsel pursuant to Federal Criminal Procedure Rule 16, reveal the following: At about 11:30 p.m. on January 11, 2006, Metropolitan Police Department officers allegedly stopped the vehicle driven by Mahndel Green to investigate whether or not his window tint was illegal. Police approached and claim to have smelled an odor of alcohol. In addition, officers claim to have observed a clear plastic cup containing a brownish liquid in the cup holder. Mr. Green was then removed from the vehicle and searched. From his waistband, police claim to have recovered a loaded 9mm handgun.[1]

---

[1] According to information provided to counsel pursuant to Federal Court Rule Criminal Procedure 16, the handgun and ammunition are the only items allegedly seized from Mr. Green

3. The police officers acted without the authority of a warrant.

4. Police officers had neither probable cause nor reasonable articulable suspicion to believe that Mr. Green was or had been engaged in criminal activity.

WHEREFORE, for the foregoing reasons, and for such other reasons as may appear at a hearing on this Motion, Mr. Green respectfully requests that this Court suppress the use as evidence of the handgun and ammunition allegedly seized from Mr. Green on January 11, 2006.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Green
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD  20737
(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Tangible Evidence and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Tangible Evidence has been delivered by mail and by facsimile to AUSA Denise Clark, Office of the U.S. Attorney, this _____ day of _____, 2006.

_____
Nikki Lotze

---

or from the car, which the government intends to introduce against Mr. Green at trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :   06- 31 (JR) |
| v. | : |
| | : |
| MAHNDEL A. GREEN | : |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357 (1967) (footnote omitted). Here, Officers acted without the authority of a warrant. The circumstances of the seizure and search of Mr. Green, do not meet any of the exceptions to the warrant requirement. Therefore, the search and seizure were illegal.

Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967). Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Green must be suppressed.

Mr. Green's seizure falls within none of the exceptions to the warrant requirement. Police seized Mr. Green after allegedly observing him operating a vehicle which may or may not have had window tint which violated the law. Upon stopping and approaching the car, police claim to have smelled the odor of alcohol coming from the car, and seen a brownish liquid in an opaque cup. Thereafter, Mr. Green was removed from the car and searched. From Mr. Green's waistband, police

allegedly recovered a loaded handgun.

Mr. Green denies that any tint on the windows of the vehicle violated D.C. law. Mr. Green denies that the vehicle smelled of alcohol, and denies that there was any lawful basis for police to search either his person or the vehicle he drove. Under the circumstances, the seizure of Mr. Green and the search of his person cannot be justified by any exception to the warrant requirement.

## CONCLUSION

Because the evidence recovered from Mr. Green was seized in violation of the Fourth Amendment, that evidence must be suppressed.

Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Ave.
Suite 202
Riverdale, MD 20737
(301) 699-0764

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :     06- 31 (JR) |
| v. | : |
| | : |
| MAHNDEL A. GREEN | : |

### PROPOSED ORDER

Upon consideration of the Defendant's motion to suppress evidence, it is this _____ day of _____, 2006, hereby ORDERED that the motion is GRANTED.

_____
Judge Robertson

Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737

AUSA Denise Clark
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530