IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | :     06- 31 (JR) |
| v. | : |
| | : |
| MAHNDEL GREEN | : |

<u>DEFENDANT'S MOTION TO SUPPRESS STATEMENTS</u>

Mahndel Green, the Defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence of alleged statements made by Mr. Green. In support of this motion, counsel states the following:

1. Mr. Green is before the Court charged with possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year. The charge relates to the search of the car driven by Mr. Green following a traffic stop on January 11, 2006. On that date, Mr. Green was arrested without a warrant and without probable cause.

2. According to information provided to counsel pursuant to Federal Rule Criminal Procedure 16, Mr. Green said "Ya'll got me I'm not going anywhere," following his arrest in this case. In addition, in response to being asked if he had been drinking, Mr. Green responded "no." When police questioned Mr. Green about the contents of a styrofoam cup in the vehicle, Mr. Green told officers that it contained tea. However, counsel does not seek to suppress either of these last two statements.

3. The statements were made in response to custodial questioning.

4. Mr. Green's statements were obtained in violation of his fourth amendment rights.

5. Mr. Green's statements were involuntary.

6.        Mr. Green's statements were obtained in violation of his *Miranda* rights.

WHEREFORE, for the foregoing reasons and for such other reasons as may be advanced at a hearing on this motion, Mr. Green respectfully requests that the Court suppress the use as evidence of all statements allegedly made by Mr. Green.

        Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Green
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Statements and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Statements was delivered by mail to AUSA Denise Clark, Office of the United States Attorney, 555 Fourth Street, NW, Washington, D.C. 20530, on this _____ day of _____, 2006.

_____
Nikki Lotze

IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | 06- 31 (JR) |
| v. | : | |
| | : | |
| MAHNDEL GREEN | : | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

I. THE STATEMENT ALLEGEDLY MADE BY MR. GREEN MUST BE SUPPRESSED BECAUSE IT WAS OBTAINED IN VIOLATION OF MR. GREEN'S FOURTH AMENDMENT RIGHTS.

Probable cause is an essential prerequisite to a warrantless arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979).  When the police act without the authority of a warrant, "the burden of establishing probable cause is on the United States." *Ornelas v. United States*, 116 S.Ct. 1657 (1996).  The government cannot meet their burden here.

The police officers did not have probable cause to arrest Mr. Green.  The vehicle driven by the defendant was initially stopped based upon the desire of the police to investigate whether or not the tint on the vehicle violated D.C. traffic regulations. For this reason, Mr. Green's car was pulled over.

Police then claim to have smelled alcohol upon approaching the vehicle. In response to police questions regarding whether he had been drinking, Mr. Green stated "No."  In response to further questions regarding the contents of a styrofoam cup inside the vehicle, Mr. Green told police that the cup contained tea.  Police claim to have seen a bottle of Remy VSOP in the back seat of the vehicle.  However, police could not tell whether the bottle had been opened, nor whether it contained any liquid.

Mr. Green was ordered out of the vehicle and a search of his person allegedly revealed a loaded handgun in his waistband.

Mr. Green denies that any tint on the windows of the vehicle violated D.C. law. Mr. Green denies that he possessed any open container of alcohol, and denies that there was any lawful basis for police to search either his person or the vehicle he drove. The warrantless arrest of Mr. Green on this basis was unlawful.

Evidence of any statements allegedly made by Mr. Green therefore must be suppressed as the fruit of the unlawful warrantless arrest of Mr. Green. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

II.  THE STATEMENTS ALLEGEDLY MADE BY MR. GREEN MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF MR. GREEN'S FIFTH AMENDMENT RIGHTS

   A.  AT THE TIME THE STATEMENTS WERE ALLEGEDLY MADE, MR. GREEN WAS IN CUSTODY AND HAD NOT BEEN ADVISED OF HIS FIFTH AMENDMENT RIGHTS

The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). In order to protect the privilege, the Supreme Court set forth procedural safeguards. The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has

the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the *Miranda* warnings and subsequently makes a knowing and intelligent waiver of those rights *Id.*. The government bears the burden of demonstrating that the *Miranda* warnings were given and that the defendant has made a knowing and intelligent waiver. *Id.*.

The questioning of Mr. Green in this case violated *Miranda*. At the time that the police allegedly obtained the statement from him, Mr. Green was in custody and the statements made were in response to questioning by the police. *See Miranda*, *supra,* 384 U.S. at 444 ("[c]ustodial interrogation is defined as 'questioning initiated by law enforcement officers after a person had been taken into custody or otherwise deprived of his freedom in any significant way.'"); *see Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (finding functional equivalent of interrogation where police conduct likely to elicit an incriminating response).

Mr. Green had not knowingly and intelligently waived his *Miranda* rights prior to making statements.

    B.    THE STATEMENTS WERE INVOLUNTARY

A defendant's statements cannot be used at trial unless the statements were the product of a rational intellect and a free will. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978). Mr. Green has a "constitutional right to . . . a fair hearing and a reliable determination of the issue of voluntariness. . . ." *Jackson v. Denno*, 378 U.S. 368, 377

(1964). At that hearing, the government bears the burden of proving, by a preponderance of the evidence, that Mr. Green's statements were made voluntarily. *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

The voluntariness of a statement "is to be judged on the totality of the circumstances" under which it is made. *Wilkerson v. United States*, 432 A.2d 730, 734 (D.C. 1981), *cert. denied,* 454 U.S. 1090 (1981). A statement can only be deemed voluntary if "the totality of the circumstances show it to be the 'product of an essentially free and unconstrained choice by its maker.'" *Jackson v. United States*, 404 A.2d 911, 923 (D.C. 1979) (*quoting Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

The totality of circumstances surrounding Mr. Green's statements rendered his alleged statements involuntary. The statements are therefore inadmissible for all purposes, including impeachment. *Mincey*, *supra,* at 398.

## CONCLUSION

For the foregoing reasons and any others which may appear at a hearing on this motion, the statements allegedly obtained from Mr. Green must be suppressed because they were obtained in violation of Mr. Green's Fourth and Fifth Amendment rights.

Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
Counsel for Mr. Green
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764