# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal Case No. 06-031(JR)** |
| | : | |
| **MAHNDEL A. GREEN,** | : | |
| | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## GOVERNMENT'S SUPPLEMENTAL RESPONSE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this supplemental response to address the question of whether an untrained officer's instinct to check the tint on the windows of a defendant's vehicle constitutes a reasonable articulable suspicion under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

## Factual Background

On January 11, 2006 at approximately 11:30 p.m., Metropolitan Police Department Officer Keith Raynor was riding in a marked police car with a few other officers, when he observed a black Ford Expedition with darkly tinted windows traveling in the 2400 block of Benning Road, Northeast, Washington.  Because of the dark tint on the windows, Officer Raynor decided to stop the Expedition to determine whether the level of tint on the windows complied with D.C. law.  Officer Raynor pulled the Expedition over in the 3300 block of Benning Road.  At the time he did so, the officer could not see into the vehicle because of the dark tint, and thus did not know how many people were in the Expedition.  Another officer later conducted a test on the tint and determined that it exceeded levels permitted by the law of the District of Columbia.

**Legal Argument**

As the Supreme Court stated in Whren v. United States, "[a]n automobile stop is . . . subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. 517 U.S. 806, 810 (1996). In evaluating the reasonableness of a stop, "the facts [must] be judged against an objective standard: would the facts available to the officer at the moment of the seizure . . . 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." Terry v. Ohio, 392 U.S. 1, 21-22 (1968). Reasonable suspicion depends on the events leading up to the stop and whether those historical events "viewed from the perspective of an objectively reasonable officer" constitute reasonable suspicion. Ornelas v. United States, 517 U.S. 690, 696 (1996). The constitutionality of the stop does not turn on the actual motivations of the individual officer. See Whren, 517 U.S. at 813. Nor does the constitutionality of the stop depend on whether the officer making the stop appreciates that a reasonable articulable suspicion exists. See, e.g., United States v. Brown, 374 F.3d 1326, 1328-1329 (D.C. Cir. 2004).

For example, in U.S. v. Harrell, 268 F.3d 141 (2nd Cir. 2001), the Second Circuit upheld the stop of a car for tint violations even where the individual officer admitted that although he saw the tint, he did not see any traffic violations and that the tint played no role in his decision to stop the car. In Harrell, two officers, who had received a radio dispatch regarding a Brown Honda Accord which allegedly contained weapons, observed a car matching that description traveling down the street. Harrell, 268 F.3d at 143. As the car passed the officers, the officers could not see whether there were more than two people in the car because the side and rear windows of the car was tinted. Id. at 143 and 146. On cross-examination, one of the officers testified that he did not notice any traffic violations. Id. at 146. But on re-direct, he claimed that the level of tint violated the traffic

laws and that he could have ticketed the car.  Id at 146-147.  On re-cross examination, the witness

admitted that the tint played no part in his decision to stop the car.  Id. at 147.   Nonetheless, the

Second Circuit upheld the stop, finding that " the historical facts of this case persuade us that an

'objectively reasonable' police officer would have suspected the windows were tinted in violation"

of the law.  Id. at 149; See also United States v. Brown, 347 F.3d 1326, 1328-29 (D.C. Cir. 2004)

(D.C. Circuit upheld search of trunk because a reasonably prudent officer would have probable cause

to believe contraband was in trunk, even though the actual officer never considered whether he had

probable cause for the search).

In the case at hand, the historical facts viewed from the perspective of an objectively

reasonable officer clearly establish reasonable articulable suspicion.   Indeed, although Officer

Raynor did not appreciate the significance of these facts, he testified that he noticed the darkly tinted

windows of defendant's Expedition, that he followed the vehicle for several minutes (presumably

providing the officer with ample opportunity to observe the tint), and that he could not see how many

people were in the Expedition because of the tint.   As in Harrell, these historical facts would have

caused an objectively reasonable officer to suspect a window tint violation.   Accordingly, the stop

was reasonable under the Fourth Amendment, and defendant's motion to suppress should be denied.

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully submits that defendant's motion to suppress tangible evidence and statements should be DENIED.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____

Denise M. Clark
Assistant United States Attorney
Federal Major Crimes Section, Bar No. 479149
555 4th Street, N.W.  #4840
Washington, DC 20530
(202) 353-8213; Fax: 353-9414